**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON FLORES,<br><br>                    Petitioner,<br><br>          v.<br><br>DR. K. KODGER,<br><br>                    Respondent. | Civil Action No. 22-3750 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Ramon Flores purportedly brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of jurisdiction.

**I.     BACKGROUND**

Petitioner is a convicted federal prisoner currently detained at the Fort Dix Federal Correctional Institution. (ECF No. 1 at 1.) He is currently serving a prison sentence arising out of a drug conviction in the Western District of Kentucky. (ECF no. 1 at 1.) In addition to a direct appeal, Petitioner has previously attempted to challenge aspects of that conviction through at least two motions to vacate sentence brought pursuant to 28 U.S.C. § 2255, the most recent of which

was dismissed as second or successive in February 2022. (*Id.* at 3.) In that most recent motion, Petitioner raised several of the arguments he raises in his current petition – a claim of ineffective assistance of counsel, and challenges to his sentence calculation asserting he was improperly found to have a leadership role and was accorded with a greater than accurate drug quantity. (*Id.*)

In his current purported habeas petition, Petitioner seeks to raise four claims[1]: first, he seeks compassionate release from prison pursuant to 18 U.S.C. § 3582(c) because of his fear of contracting COVID-19 for a third time or potentially contracting monkeypox; second, he argues that he is "actually innocent" of the leadership role enhancement he received at sentencing; third, he argues he is "actually innocent" of certain quantities of drugs attributed to him at trial and at sentencing; and finally, he argues that he received ineffective assistance of plea counsel. (*Id.* at 9-37.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the

---

[1] Petitioner attempts to frame his three challenges to his conviction as bases for relief under 18 U.S.C. § 1382(c)'s compassionate release framework, but in fact appears to be simply attempting to use § 3582(c) to bootstrap claims he has otherwise been barred from raising under § 2255. This Court thus construes these three merits challenges as entirely separate from Petitioner's compassionate release request.

2

petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DISCUSSION

In his current petition, Petitioner seeks both to be awarded compassionate release from prison under 18 U.S.C. § 3582(c) due to his fear of contracting COVID-19 or monkey pox and seeks to challenge his underlying criminal conviction and sentence, entered in the Western District of Kentucky, through a § 2241 petition. While a § 2241 habeas petition may properly be used to challenge the execution of a criminal sentence, such a petition may normally not be used to challenge the validity of the conviction or sentence themselves. *See, e.g., Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001). Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). A prisoner may instead challenge his conviction through a § 2241 petition filed in his district of confinement, however, when he can show that the remedy available through a § 2255 motion is inadequate or ineffective to test the legality of his detention. *Id.*; *see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997). The § 2255 remedy will only be inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011); *Okereke*, 307 F.3d at 120-21; *Dorsainvil*, 119 F.3d at 251-52. The § 2255 remedy will not be inadequate or ineffective merely because the petitioner cannot meet that statute's gatekeeping requirements, and will instead be inadequate only in the rare circumstances where an intervening change of law renders a given

3

conviction unlawful *and* the petitioner was deprived of a previous opportunity to raise a challenge on that basis. *Dorsainvil*, 119 F.3d at 251-52.

Turning to Petitioner's challenges to his conviction and sentence – which include all of his claims other than his compassionate release claim, it is clear that Petitioner is in fact not challenging the execution of his sentence, but is rather attempting to challenge the validity of his conviction. As Petitioner has not shown that § 2255 is inadequate or ineffective to address those claims – and it is clearly not inadequate as he could have raised any or all of these claims on direct appeal or through his first § 2255 motion – Petitioner may not raise those claims in this Court through a § 2241 habeas petition. *Id.* The appropriate means for raising such claims would instead be a § 2255 motion filed in the sentencing court – in this case the Western District of Kentucky. This Court thus lacks jurisdiction over Petitioner's non-compassionate release claims.

Turning to Petitioner's compassionate release claim, this Court finds that it also lacks jurisdiction to address that claim in this habeas matter. This is because a motion seeking a reduction of sentence pursuant to § 3582 may only be filed in the Petitioner's underlying criminal matter in the court which sentenced him. *See, e.g., United States v. Raia*, 954 F.3d 594, 595-96 (3d Cir. 2020); *Gregory v. Grondolsky*, 365 F. App'x 326, 237 (2010). As this Court did not sentence Petitioner, his compassionate release claim is not properly before this Court, and this Court lacks jurisdiction to address his claim under § 2241. *Raia*, 954 F.3d at 595-96. This Court thus clearly lacks jurisdiction over all of Petitioner's claims – each may only be raised, either via a § 2255 motion or a § 3582 motion, in his sentencing court – the Western District of Kentucky.

Where a district court lacks jurisdiction over a habeas matter, the Court may either dismiss the petition without prejudice or transfer the petition to the appropriate court if doing so would be "in the interests of justice." 28 U.S.C. § 1631. A transfer will generally only be in the interests of justice when the Petitioner has set forth at least a prima facie basis for relief. *See, e.g., United*

4

*States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). Here, Petitioner admits that he already sought leave to raise his non-compassionate release claims via a second or successive § 2255 motion but was denied leave to do so and had his second motion dismissed as successive. It is therefore clear that the transfer of those claims back to the Western District would not be in the interests of justice as those claims have already been rejected by the appropriate Court of Appeals. The Court likewise finds that the transfer of Petitioner's compassionate release motion is also not in the interests of justice at this time as his motion relies on nothing but his own speculation to suggest that he may be at risk of contracting COVID-19 for a third time or that monkeypox may eventually make its way into the prison population. This Court will therefore dismiss Petitioner's current habeas petition for lack of jurisdiction in its entirety. To the extent Petitioner wishes to pursue his compassionate release claim, he may do so by filing a motion in his underlying criminal matter in the Western District of Kentucky.

## IV. CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

6